## HURDLE *v.* STATE *ex rel.* HARDING.

[95 South. 514.    No. 23284.]

SCHOOL AND SCHOOL DISTRICTS. *Law providing for filling vacancy in office of trustee held unenforceable, in that it does not provide for notice of election.*

The provision in section 4519, Code 1906 (Hemingway's Code, section 7339), that a vacancy in the office of trustee of a public school may be filled in an election by the patrons of a school, and which is that the county superintendent shall fill the vacancy by appointment, "unless the patrons thereof shall fill the same by an election within ten days after such vacancy occurs," is unenforceable for the reason that no provision is made therein for the calling of such an election and the giving of notice thereof to the patrons of the school; it being essential to the validity of an election that the electors have notice thereof in some form, either actual or constructive.

APPEAL from circuit court of Lafayette county.

HON. J. W. T. FALKNER, Judge.

Proceedings in the nature of *quo warranto,* by the state on the relation of J. A. Harding against J. G. Hurdle, to determine the right of relator and defendant to the office of trustee of the Taylor Consolidated School District of Lafayette county. From a judgment for relator, defendant appeals. Reversed and judgment rendered for defendant.

*L. C. Andrews,* for appellant.

It is the appellant's contention that the right of the superintendent of education to appoint under the circumstances in this case is superior to the power of the patrons to elect a trustee. Section 204 of the Constitution provides that there shall be a superintendent of education in each county. Chapter 173 of Hemingway's Code prescribes and defines his duties, among which is that he shall "perform such other duties as may be required of him by law." It is manifest that it is not the intention of the legislature to subordinate the office of county superintendent of public education in the management of the public schools to the wishes of the patrons thereof.

Section 7339, Hemingway's Code, provides that: "On the first Saturday of May of each year, the patrons of each district not constituting a separate school district shall meet at the schoolhouse at two o'clock, p. m., organize and elect a chairman and secretary, and elect by ballot one trustee for three years." "At every such meeting the holding over trustees shall have prepared and present a list of names and patrons entitled to vote for trustee. The chairman and secretary shall forthwith certify the results of the election to the county superintendent, and cause the certificate thereof to be delivered to him on or before the following Saturday. If, from any cause a vacancy occurs in the office of trustee, outside of a separate school district the county superintendent shall fill the same by appointment, unless the patrons thereof shall fill the same by election within ten days after such vacancy occurs."

Section 7340, Hemingway's Code, reads: "If from a failure to qualify, or from other cause, there be a vacancy in the office of trustee, outside of a separate school district, the county superintendent shall fill the same by appointment, in writing; and the trustee so appointed shall hold office until the end of the vacant term, and until his successor be elected."

The relator, Harding, appellee, claims title to office under and by virtue of an election held under section 7339, *supra.* Appellant, Hurdle, claims title to the office of trustee under appointment made by the superintendent of public education issued under section 7340, Hemingway's Code, which provides how vacancies in office of trustee shall be filled. It will be noted that at the time the county superintendent of education appointed Hurdle to the office of trustee, there was a vacancy and no election had been held to fill the same.

When we take into consideration that the primary purpose of the maintenance of our common-school system is the promotion of the general intelligence of the people constituting the body politic, and thereby to increase the usefulness and efficiency of our citizens, on which the

government of society depends, and that the legislature has vested the superintendent of public education of each county with so many important powers and rights concerning the management of the school systems of the respective counties, we cannot accept the conclusion that the legislature in enacting section 7339, *supra,* meant to take away the power of the superintendent of education to appoint trustee in case of vacancies, or abridge his right to do so, and vest it in the patrons of the school.

The language used in section 7340, *supra,* is clear and unambiguous. It means that if a trustee who has either been elected or appointed fails to qualify, the superintendent may fill the vacancy by appointment. It also means that if a trustee resigns, the superintendent may appoint at once and need not wait for ten days to see if the patrons choose one by secret ballot or otherwise. The legislature in passing section 7339 intended to provide for the selection of a trustee by the patrons in the event the superintendent of public education did not care to exercise the right of appointment as granted in section 7340. They thought that there might arise a case where the superintendent might not care to appoint, but due to the high character of the patrons of the school preferred to leave the matter of selection of trustees to them. While there seems to be a conflict between the two sections, yet they can be so reconciled as to let both stand.

We, therefore, conclude that appellant is the legally appointed trustee, and that appellee, Harding, has no title to the office, and that the judgment rendered herein should be reversed, and one entered here declaring Hurdle trustee.

*Harry M. Bryan,* for appellee.

Upon a construction of the three following sections of Hemingway's Code will depend the decision of this case, to-wit: "section 7339 (4519). Trustees—When and how elected and certified. Laws 1894, ch. 65; Law 1914, ch. 187. Section 7340, Laws 1894, ch. 65; Laws 1914, ch. 187. Section 7340 (4520.) Trustees—Vacancy—How filled.

Section 7581 (4504). County Superintendent—May suspend or remove a teacher or trustee—Fill Vacancies." It will be noted that the first quoted section above is as written by the legislature in 1914. The other two sections have been brought down from the Code of 1906, intact. In other words, section 7339, Hemingway's Code, chapter 187, of the Laws of 1914, is the last word in the matter of the regular election of trustees of consolidated school districts and prescribes a complete method for filling vacancies. That section limits the power of the county superintendent to appoint. He may appoint "unless the patrons thereof shall fill the same by an election within ten days after such vacancy occurs."

It will appear from a casual reading of sections 7339, 7340 and 7581, Hemingway's Code, that there is irreconcilable conflict. My contention is that the last pronouncement of the legislature is absolutely controlling in this case. Counsel for appellant says in his brief: ". . . The right of the superintendent of education to appoint under the circumstances in this case is superior to the power of the patrons to elect a trustee. . . . It is manifest that it is not the intention of the legislature to subordinate the office of county superintendent of public education in the management of the public schools to the wishes of the patrons thereof." Then, if that be true, why did the legislature, in amending section 4519 of the Code of 1906, not so say? Why did not the legislature bring forward at the same time sections 7340 and 7581?

Section 4520 of the Code of 1906 (section 7340, Hemingway's Code) says, in part: ". . . the county superintendent shall fill the same by appointment, in writing; and the trustee so appointed shall hold office until the end of the vacant term, and until his successor be elected." It can be reconciled with section 7339, Hemingway's Code (ch. 187, Laws of 1914), only by giving to the additional conjunctive "and until" in the last clause the alternative conjunctive meaning "unless." If the word 'unless" is inserted in the place of "and until" the two sections might possibly harmonize. Could this have been the legislative

intent when chapter 187 of the Laws of 1914 was enacted? If not, section 4520 of the Code of 1906 (section 7340, Hemingway's Code), passes out of existence by legislative repeal. It is true that the repeal would be an implied one but a repeal none the less. It is the writer's belief that either a repeal was intended by the legislature or section 4520 of the Code of 1906, was allowed to stand with the words "and until" in the last clause given the meaning "unless." Reason balks at any other conclusion. The sections are in direct conflict. Either one stands as the law or the other. If both, then my suggestion above given seems to be the only way to hold both together.

It is necessary to decide in this case whether or not the people, the patrons of a consolidated school district, have any right whatsoever to select a trustee to fill a vacancy. Counsel for appellant says they have none. Here is his language: "The legislature in passing section 7339 intended to provide for the selection of a trustee by the patrons in the event the superintendent of public education did not care to exercise the right of appointment as granted in section 7340. They thought that there might arise a case where the superintendent might not care to appoint, but due to the high character of the patrons of the school preferred to leave the matter of selection of trustees to them." Ingenious to say the least of it! But if this be true, what are we going to do with the last clause of section 7339, Hemingway's Code which tells us that the superintendent may appoint unless the people fill the vacancy by an election held within ten days after the vacancy occurs?

Counsel would deny to the patrons of this school their right to self-government. That is exactly what the defense to this proceeding means. Why, aren't ample means afforded the county superintendent by general law to rid a school of an immoral or incompetent trustee? Section 7581, Hemingway's Code, above quoted gives him that right. All other things being equal, has he unlimited power that would enable him to enforce upon an unwilling people a board of trustees that they do not want? In this con-

nection we might well call the attention of this honorable court to article 3 (bill of rights), Mississippi Constitution of 1890, section 5.

Again, if there be direct conflict as to whether the people shall elect or the superintendent appoint, when measured by the above-quoted section of the Constitution, which must fail? Ours being a government of limited powers, one in which powers are reserved unless expressly granted or derived by necessary implication, there can be but one construction of these difficult sections. The balance swings to the people, to their right to control their local affairs. Any other construction would endanger the whole of our civil fabric. In this connection, see the case of *Ellis* v. *Greaves,* reported in 82 Miss. 36.

We turn now to the authorities on the question of an implied repeal of statutes. If sections 7339, 7340 and 7581 of Hemingway's Code are in direct conflict, which must control? Section 7339 (upon which we rely in this case) is, as stated, an act passed by the legislature in 1914 and we contend that it is the final and last word on the subject of supplying vacancies in the office of trustee of consolidated school districts.

"An intention to repeal all laws inconsistent with the proposed amendment is necessarily implied and need not be expressed in the title of the amendment." 36 Cyc. 1060; *S. P. Gibbons, et al.* v. *D. E. Brittenum, et al.,* 56 Miss. 232.

It will be noted that chapter 286, Laws of 1922, which officially adopted Hemingway's Code, expressly states: "It is expressly provided that this act shall not affect the date when any law shall become effective, but that all the laws shall be effective as of the date fixed by the legislature in the passage of the laws, and as the date fixed as to when the Code of 1906 should become effective." We cite as expressly controlling in this case *Murray Peyton* v. *E. W. Cabiniss,* 44 Miss. 808.

We earnestly contend that the purported appointment of appellant Hurdle by the county superintendent one day

after Walker, trustee, had resigned, was an attempted usurpation of power that rested solely in the patrons of the school district for ten days after the resignation.

## AGREED STATEMENT OF FACTS.

First.   On June 30, 1922, J. E. Walker, one of the trustees of the Taylor Consolidated School District of Lafayette county, Mississippi, whose term of office was to expire on the first Saturday of May, A. D. 1923, tendered his resignation as such trustee to H. T. Smith, Superintendent of Education of said county and state, who on said date accepted said resignation, and within one day thereafter, to-wit: on the first day of July, A. D. 1922, appointed in his stead and to fill out his unexpired term the defendant J. G. Hurdle, in this cause, which appointment the said defendant did then and there accept.

Second.   D. T. Mitchell and other persons who were patrons of the said school posted in the late afternoon of July 1, 1922, publicly on the bulletin board in the post office at Taylor, in said district, a notice calling an election of the patrons at the school building of the said district for Saturday, July 8, 1922, at two o'clock, p. m., for the purpose of electing a trustee of said school to succeed the said Walker, resigned; and the said notice remained on said board until the date of said election, the original of said notice being attached hereto and marked exhibit "B" and made a part hereof; that on said date and at said meeting E. M. Taylor and L. R. Walker, duly qualified patrons of said school were selected by the patrons as chairman and secretary thereof, respectively, that forty of the total number of the patrons of said school, the same being a majority of all of said patrons, did thereat attend and vote in said meeting; that all said patrons at said meeting did then and there select by written ballot the relator herein J. A. Harding to fill the unexpired term of the said Walker of said school; that the said chairman and sec-

retary did then and there make out and sign a certificate thereof as required by law a copy of which is attached thereto and marked exhibit "A" to this agreement and did present and deliver the same to H. T. Smith, County Superintendent of Education of said county and state on the very day of the election, namely July 8, 1922.

Third. It is agreed that the relator J. A. Harding is and was at the time of said election a patron, qualified elector, taxpayer and resident citizen of said consolidated school district; is and was of good character; can read and write, and is and was fully qualified to exercise, hold, and perform the duties of trustee of said school district, and it is agreed that the defendant, J. G. Hurdle, possesses all of the above-mentioned qualifications.

SMITH, C. J., delivered the opinion of the court.

This is a proceeding in the nature of a *quo warranto* to determine the right of the relator and the defendant, Hurdle, to the office of trustee of the Taylor consolidated school district of Lafayette county. The cause was submitted to the judge of the court below for trial without a jury on an agreed statement of facts (the first, second, and third paragraphs of which the reporter will set out in full), and resulted in a judgment for the relator, from which the defendant has appealed to this court.

The statutes providing for the filling of vacancies in the office of trustee of public schools are sections 4504, 4519, and 4520, Code of 1906, the same being sections 7581, 7339, and 7340, Hemingway's Code. Each of these sections provides for the filling of such vacancies in different language, and the provision therefor in section 4519 (7339) is in conflict with the provision therefor in the other sections. These provisions are:

Section 7581 (4504): "When from such cause, or from death, resignation, or other cause, a vacancy in either of the above-named offices [teacher or trustee] occurs, it

shall be the duty of the county superintendent, within ten days after the vacancy occurs, or as soon thereafter as practicable, to supply the same by appointment."

· Section 7339 (4519) : "If, from any cause, a vacancy occurs in the office of trustee, outside of a separate school district, the county superintendent shall fill the same by appointment, unless the patrons thereof shall fill the same by an election within ten days after such vacancy occurs."

Section 7340 (4520) : "If from a failure to qualify, or from other cause, there be a vacancy in the office of trustee, outside of a separate school district, the county superintendent shall fill the same by appointment, in writing; and the trustee so appointed shall hold office until the end of the vacant term, and until his successor be elected."

It will not be necessary for us to determine which of these statutes controls the filling of vacancies of the office of school trustees, for the reason that the provision in section 4519 (7339) for the filling of such vacancies by the patrons of the school by election is incomplete in that it does not provide for the calling of such an election and the giving of notice thereof to the patrons of the school, which omission is not supplied by any other statute. In order for a public election to be of any legal efficiency it must be held at the time and place designated either by law or by the authority to which the right to designate the time and place is delegated by law. And—"it is essential to the validity of an election that the electors have notice thereof in some form, either actual or constructive, such as a notice in fact, or by proclamation, or by statutes of which they are bound to take notice." 20 Corpus Juris, p. 96.

We are not called on here to determine whether an election under this statute would be valid when participated in by all of the patrons of a school; no such case being here presented.

It follows from the foregoing views that the election at which the patrons of the school sought to fill the vacancy in the office of trustee of the school here in question is void, and that the appointment of the appellant by the county superintendent to fill the same is valid.

Reversed and judgment here for the appellant.

*Reversed.*